Rec'd 4/8/17 FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

APR 13 2017 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x
                                                                     :
THE ANNUITY, WELFARE AND APPRENTICESHIP     :
SKILL IMPROVEMENT & SAFETY FUNDS OF THE     :
INTERNATIONAL UNION OF OPERATING            :
ENGINEERS, LOCAL 15, 15A, 15C & 15D, AFL-CIO, :
CENTRAL PENSION FUND OF THE                 :
INTERNATIONAL UNION OF OPERATING            :
ENGINEERS, and INTERNATIONAL UNION OF       :
OPERATING ENGINEERS LOCAL 15, 15A, 15C &    :
15D, AFL-CIO,                               :
                                            :
                              Plaintiffs,   :
                                            :
              -against-                     :
                                            :
BAR-MAC CONSTRUCTION, INC.,                 :
                                            :
                              Defendant.    :
                                            :
-------------------------------------------------------------------- x

MEMORANDUM & ORDER
16-CV-1661 (ENV)(PK)

VITALIANO, D.J.

On April 6, 2016, plaintiffs the Annuity, Welfare and Apprenticeship Skill

Improvement & Safety Funds of the International Union of Operating Engineers, Local 15,

15A, 15C & 15D, AFL-CIO, Central Pension Fund of the International Union of Operating

Engineers, and International Union of Operating Engineers Local 15, 15A, 15C & 15D, AFL-

CIO ("Local 15") (collectively, "Operating Engineers"), brought this action against defendant

Bar-Mac Construction, Inc. ("Bar-Mac"), pursuant to the Employee Retirement Income

Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* and § 301 of the Labor

Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, *et seq.*

1

To cut to the heart of it, Local 15 and Bar-Mac are parties to a collective bargaining agreement ("CBA") that requires Bar-Mac, an employer, to make certain payments to trust funds maintained by the Operating Engineers. *See* Dkt. No. 1 ("Compl.") at 4. The Operating Engineers seek, *inter alia*, an order compelling an audit of Bar-Mac and, in the event a deficiency is revealed, for appropriate monetary relief. Plaintiffs report that, to date, Bar-Mac has refused to produce books and records so that an audit may be conducted in accordance with the CBA. *Id.* at 6. Bar-Mac has not appeared or otherwise responded to the complaint in this action.

On June 14, 2016, the Operating Engineers moved for default judgment as authorized by Federal Rule of Civil Procedure 55(b) against Bar-Mac, seeking an order (i) compelling Bar-Mac to cooperate with an audit covering the period from September 11, 2014 through March 31, 2016; (ii) permitting them, once the audit is completed, to collect any outstanding contributions, and (iii) providing attorney's fees and costs. Dkt. No. 8. That motion was respectfully referred to Magistrate Judge Peggy Kuo on June 20, 2016, for an assessment of liability, an inquest as to damages, and a Report and Recommendation ("R&R") as to her findings. Magistrate Judge Kuo's R&R issued on March 13, 2017, which recommended that the motion be granted in its entirety. Dkt. No. 15. The R&R gave appropriate notice that any objection had to be filed within 14 days of service.[1] To date, much less in a timely fashion, no party has filed an objection. The Court now adopts the R&R as the opinion of the Court.

---

[1] Plaintiffs mailed a copy of the R&R to defendant via certified mail on March 13, 2017. *See* Dkt. No. 16; Fed. R. Civ. P. 5(b)(2)(C) (service complete upon mailing).

## Standard of Review

In reviewing a report and recommendation of a magistrate judge, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Further, a district judge is required to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1); *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 115-16 (2d Cir. 2010). But, where no timely objection has been made, which is the case here, a "district court need only satisfy itself that there is no clear error on the face of the record" to accept a magistrate judge's Report and Recommendation, *Gesualdi v. Mack Excavation & Trailer Serv., Inc.*, No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010) (citation and internal quotations omitted), and "may adopt those portions of the [r]eport . . . which are not facially erroneous[,]" *Price v. City of New York*, 797 F. Supp. 2d 219, 223 (E.D.N.Y. 2011) (citation omitted).

## Conclusion

Since no objection has been filed by any party, and the time to do so has passed, and after careful review of the record, the Court finds the R&R to be correct, well-reasoned, and free of any clear error. The Court, therefore, adopts the R&R as the opinion of the Court.

Accordingly, the Clerk of Court is directed to enter default judgment, pursuant to Federal Rule of Civil Procedure 55(b) in favor of the Operating Engineers, and directs defendant Bar-Mac to produce books and records and otherwise cooperate in an audit for the time period from September 11, 2014 through March 31, 2016. As recommended by Magistrate Judge Kuo, plaintiffs are granted leave to seek an amended judgment if the audit

3

reveals deficient contributions.  *See* R&R at 11.  Additionally, attorney's fees and costs in the amount of $3,165 are awarded to plaintiffs.  *Id.*

The Clerk of Court is further directed to close this case for administrative purposes.

So Ordered.

Dated: Brooklyn, New York
April 12, 2017

/s/ USDJ ERIC N. VITALIANO
ERIC N. VITALIANO
United States District Judge